## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Chad Christian Cole                                    Case No. 25-51100-KMS
          Stephanie Ann Cole, Debtors                              CHAPTER 13

### <u>NOTICE</u>

Debtors have filed papers with the court to Modify their Chapter 13 Bankruptcy Plan. **<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**
If you do not want the court to Modify the plan, or if you want the court to consider your views on the Plan, then on or before 30 days, you or your attorney must:
File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Dan M. Russell, Jr., U.S. Courthouse
2012 15th Street, Suite 244
Gulfport, MS 39501

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date state above.
You must also mail a copy to the debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Plan and may enter an order granting that relief, which shall confirm this Modified Plan.

Date: October 21, 2025          Signature:   <u>/s/ Thomas C. Rollins, Jr.</u>
                                           Thomas C. Rollins, Jr. (MSBN 103469)
                                           Jennifer Ann Curry Calvillo (MSBN 104367)
                                           The Rollins Law Firm, PLLC
                                           P.O. Box 13767
                                           Jackson, MS 39236

<table>
<tr><td colspan="2">Fill in this information to identify your case:</td></tr>
<tr><td>Debtor 1</td><td>**Chad Christian Cole**<br>Full Name (First, Middle, Last)</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td>**Stephanie Ann Cole**<br>Full Name (First, Middle, Last)</td></tr>
<tr><td>United States Bankruptcy Court for the</td><td>**SOUTHERN DISTRICT OF MISSISSIPPI**</td></tr>
<tr><td>Case number:<br>(If known)</td><td>**25-51100**</td></tr>
</table>

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**3.5**

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

**12/17**

## Part 1:   Notices

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ **Included** | ☐ **Not Included** |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ **Included** | ☑ **Not Included** |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ **Included** | ☐ **Not Included** |

## Part 2:   Plan Payments and Length of Plan

**2.1      Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$292.34**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Home Depot**
**2455 Paces Ferry Rd B3**
**Atlanta GA 30339-0000**

| Debtor | **Chad Christian Cole**<br>**Stephanie Ann Cole** | Case number | **25-51100** |

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____

_____

_____

**2.3     Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |

**3.1     Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2     Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Heritage Place Comm** | **$6,804.00** | **COA Fees on 10 Independence Dr Gulfport, MS 39507** | **$190,000.00** | **$6,804.00** | **10.00%** |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

| Debtor | **Chad Christian Cole**<br>**Stephanie Ann Cole** | Case number | **25-51100** |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3     Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐  **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑  The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| **Credit Acceptance** | **2013 Hyundai Veloster 97000 miles** | **$11,953.51** | **10.00%** |

\*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4     Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5     Surrender of collateral.**

*Check one.*

☐  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑  The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Jefferson Capital Syst** | **Furniture** |
| **Purchasing Power** | **Household Goods** |

*Insert additional claims as needed.*

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1     General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2     Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3     Attorney's fees.**

☑ No look fee: **4,600.00**

Total attorney fee charged:     $**4,600.00**

**Mississippi Chapter 13 Plan**                                    Page 3

| Debtor | **Chad Christian Cole** | Case number | **25-51100** |
|---|---|---|---|
| | **Stephanie Ann Cole** | | |

Attorney fee previously paid: $**227.00**

Attorney fee to be paid in plan per confirmation order: $**4,373.00**

☐ Hourly fee: $_____.  (Subject to approval of Fee Application.)

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑    **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5    Domestic support obligations.**

☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐    The sum of $
☑    **100.00**    % of the total amount of these claims, an estimated payment of $    **6,089.10**
☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**99,536.20** Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Part 6:    Executory Contracts and Unexpired Leases**

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:    Vesting of Property of the Estate**

**7.1    Property of the estate will vest in the debtor(s) upon entry of discharge.**

**Part 8:    Nonstandard Plan Provisions**

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **\* % to unsecured claimholders shall be the minimum % to be paid to the unsecured class.**
 **\*\* amt to be determined by trustee from schedules A & B less hypothetical ch 7 liquidation costs**

Debtor **Chad Christian Cole**
**Stephanie Ann Cole**

Case number **25-51100**

---

Part 9: Signatures:

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  **/s/ Chad Christian Cole**
   **Chad Christian Cole**
   Signature of Debtor 1

   Executed on   **October 17, 2025**

   **10 Independence Dr**
   Address
   **Gulfport MS 39507-0000**
   City, State, and Zip Code

   Telephone Number

X  **/s/ Stephanie Ann Cole**
   **Stephanie Ann Cole**
   Signature of Debtor 2

   Executed on   **October 17, 2025**

   **10 Independence Dr**
   Address
   **Gulfport MS 39507-0000**
   City, State, and Zip Code

   Telephone Number

X  **/s/ Thomas C. Rollins, Jr.**
   **Thomas C. Rollins, Jr. 103469**
   Signature of Attorney for Debtor(s)
   **P.O. Box 13767**
   **Jackson, MS 39236**
   Address, City, State, and Zip Code
   **601-500-5533**
   Telephone Number
   **trollins@therollinsfirm.com**
   Email Address

Date   **October 17, 2025**

**103469 MS**
MS Bar Number

**Mississippi Chapter 13 Plan**

Page 5

<u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Modified Plan was forwarded on October 22, 2025, to:


By First Class U.S. Mail, Postage Prepaid:

      Jefferson Capital Systems, LLC
      P.O. Box 7999
      St. Cloud, MN 56302-9617

      Purchasing Power, LLC
      Bankruptcy Dept.
      2727 Paces Ferry Rd. SE
      Bldg. 2, Ste. 1200
      Atlanta, GA 30339

By Electronic CM/ECF Notice:

      Standing Chapter 13 Case Trustee

      U.S. Trustee


                           /s/ Thomas C. Rollins, Jr.
                           Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Chad Christian Cole
Stephanie Ann Cole

CASE NO: 25-51100-KMS

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 10/22/2025, I did cause a copy of the following documents, described below,

Notice and Modified Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/22/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

1

2

UNITED STATES BANKRUPTCY COURT
3
SOUTHERN DISTRICT OF MISSISSIPPI

4

5    IN RE:                                          CASE NO: 25-51100-KMS

     Chad Christian Cole                             **CERTIFICATE OF SERVICE**
6    Stephanie Ann Cole                              **DECLARATION OF MAILING**

7                                                    Chapter: 13

8

9

10   On 10/22/2025, a copy of the following documents, described below,

11   Notice and Modified Plan

12

13

14

15

16

17

18   were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient
     postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth
19   herein.

     The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above
20   referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of
     Service and that it is true and correct to the best of my knowledge, information, and belief.
21

     DATED: 10/22/2025
22

23

24   _____
     Miles Wood
25   BK Attorney Services, LLC
     d/b/a certificateofservice.com, for
26   Thomas C. Rollins, Jr.
     The Rollins Law Firm
27   702 W. Pine Street
     Hattiesburg, MS  39401

28   **(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

FIRST CLASS

JEFFERSON CAPITAL SYSTEMS, LLC
P.O. BOX 7999
ST. CLOUD MN 56302-9617

FIRST CLASS

PURCHASING POWER, LLC, BANKRUPTCY DEPT.
2727 PACES FERRY RD. SE
BLDG. 2, STE. 1200
ATLANTA GA 30339